UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRIS L.,

               Plaintiff,

         v.                              **DECISION AND ORDER**
                                                19-CV-936S

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

      1.      Plaintiff Chris L.[1] challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that he has been disabled since July 29, 2014, due to mental and physical conditions, mostly involving his knee, back, and neck.  Plaintiff maintains that he is entitled to disability benefits because his impairments render him unable to work.

      2.      Plaintiff filed an application for disability benefits on August 14, 2014.  After denial at the agency level, Plaintiff proceeded to a hearing, which took place before ALJ William M. Weir on February 27 and July 20, 2017.  At the time of the hearing, Plaintiff was 54 years old, with at least a high school education, and had past relevant work experience as a truck driver and school bus driver.  The ALJ considered the case *de novo* and, on October 12, 2017, issued a written decision denying Plaintiff's application for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on May 17, 2019.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3.      Plaintiff filed the current action on July 16, 2019, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on March 20, 2020.  (Docket Nos. 4, 5, 6, 10.)  The Clerk of Court thereafter assigned the case here on February 4, 2021, at which time this Court took the motions under advisement without oral argument.  (Docket No. 12.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.      A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 405 (g).

5.      A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the

_____

[2] The ALJ's October 12, 2017 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6.     As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7.     As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere

scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).   Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 405 (g), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.   See Zacharopoulos v. Saul, CV 19-5075 (GRB), 2021 WL 235630, at *7 (E.D.N.Y. Jan. 25, 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).   This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8.     "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."   Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."   Rosado v. Sullivan, 805

F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. § 404.1520.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10.     The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.     The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.   First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.     In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since July 29, 2014, the alleged onset date (R. at 15);[3] (2) Plaintiff's knee conditions, degenerative disc disease, and migraine headaches are severe impairments within the meaning of the Act (R. at 15-16); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 16); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567 (b) except he can only occasionally use ramps, ladders, stairs, scaffolds, or ropes; and can only occasionally balance, stoop, kneel, crouch, or crawl (R. at 16-20); (5) Plaintiff could not perform his past relevant work as a truck or school bus driver (R. at 20); and (6) Plaintiff could perform jobs that exist in

---

[3] Citations to the underlying administrative record are designated as "R."

significant number in the national economy (R. at 21).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from July 29, 2014, through October 12, 2017, the date of the decision.  (R. at 13, 21.)

13.     Plaintiff challenges the ALJ's treatment of the opinion evidence and formulation of his RFC.  He maintains that the ALJ mistakenly relied on some opinions, improperly rejected the remaining opinions, and impermissibly relied on his own lay interpretation of the medical evidence.  In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed.  This Court agrees with the Commissioner.

14.     Plaintiff first argues that the ALJ implicitly rejected the opinion of consultative examiner Hongbiao Liu, M.D., that Plaintiff had "mild to moderate limitation for prolonged walking, bending, and kneeling," despite stating that he afforded it partial weight, because it is inconsistent with an ability to perform light work.  (R. at 19, 322-24.) Dr. Liu examined Plaintiff on September 29, 2014, just days before Plaintiff's right knee replacement surgery on October 1, 2014.  (R. at 322, 327-30).  The ALJ explained that he gave Dr. Liu's opinion only "partial weight" because Plaintiff subsequently experienced significant improvement after his knee replacement, with stable gait, normal strength, increased comfort, and lack of distress.  (R. at 19.)  In other words, the ALJ credited Dr. Liu's opinion as indicative of Plaintiff's condition at the time he examined him, but found that Plaintiff could nonetheless perform light work as limited by his RFC in light of his post-surgery improvement, which is supported by substantial evidence in the record.  Plaintiff's argument that the ALJ rejected Dr. Liu's opinion is therefore unpersuasive.

7

15.     Plaintiff next argues that Dr. Liu's use of the descriptor "mild to moderate" rendered his opinion impermissibly vague.  (R. at 324.)  Use of such terms, however, does not necessarily render a medical opinion vague.  See Jeffrey A. v. Comm'r of Soc. Sec., 18-CV-1473, 2020 WL 1234867, at *7-8 (N.D.N.Y. Mar. 13, 2020) (collecting cases). For example, such an opinion is not impermissibly vague where the conclusions are well supported by an extensive examination, see, e.g., Waldau v. Astrue, No. 5:11-CV-925 (GLS), 2012 WL 6681262, at *4 (N.D.N.Y. Dec. 21, 2012) (finding consultative examiner's findings of "moderate" physical limitations well supported by his findings regarding plaintiff's gait, range of motion in extremities, grip strength, and finger dexterity), or when the allegedly vague language is rendered "more concrete" by other facts and evidence in the record, see, e.g., Antoine T. v. Comm'r of Soc. Sec., 18-CV-232 (CFH), 2019 WL 2327937, at *10 (N.D.N.Y. May 31, 2019) (finding vague limitations in consultative opinion were made "more concrete" by the ALJ's analysis of the remaining opinion and other evidence); Sweeting v. Colvin, No. 12-CV-917 (DNH/CFH), 2013 WL 5652501, at *8 (N.D.N.Y. Oct. 15, 2013) (rejecting the plaintiff's contention that consultative examiner's use of the term "moderate" was vague where the consultative examiner made specific findings based on physical examination of the plaintiff).  In short, use of descriptors such as "mild" and "moderate" may not be impermissibly vague if the ALJ is reasonably able to glean their meaning from other evidence in the record.  See Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *8 (N.D.N.Y. Jan. 11, 2021) (finding that consultative examiner "provided sufficient information for the ALJ to understand his use of the term "moderate").

16.     Here, Dr. Liu examined Plaintiff and made findings consistent with other evidence in the record, including Dr. O'Donnell's opinion.  This provided the ALJ sufficient information to understand Dr. Liu's use of the "mild to moderate" descriptor, which, again, the ALJ gave only partial weight because of the evidence of post-surgery improvement. Plaintiff's argument that the opinion is impermissibly vague is therefore rejected.  See Josua S., 2021 WL 105769, at *8.

17.     Plaintiff next argues that the ALJ erred by relying on Dr. Liu's opinion and the opinion of Dr. John O'Donnell because they were both stale, having been rendered before Plaintiff's knee-replacement surgery.  Medical opinions, if stale, may not constitute substantial evidence.  See Camille v. Colvin, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015) (citing Griffith v. Astrue, No. 08-CV-6004 CJS, 2009 WL 909630, at *9 n.9 (W.D.N.Y. July 27, 2009)).  An opinion may be stale if it is based on an incomplete record or does not account for a claimant's deteriorating condition.  See Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 469-70 (W.D.N.Y. 2018).  But "a medical opinion is not necessarily stale simply based on its age."  Id. at 470.  An older opinion may thus constitute substantial evidence if it is consistent with the record as a whole.  See id.; see also Andrews v. Berryhill, No. 17-CV-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (finding that ALJ did not err by relying on older opinions where there was no evidence of significant deterioration in the plaintiff's condition); Camille, 104 F. Supp. 3d at 344 (finding that medical opinion was not impermissibly stale because evidence in the record before and after the opinion demonstrated substantially similar limitations and findings).

18.     Here again, the ALJ's decision reflects consideration of these opinions as reflective of Plaintiff's pre-surgery condition.  (R. at 19-20.)  The ALJ gave partial weight

to these opinions precisely because they pre-dated the knee-replacement surgery.  <u>See</u> <u>id.</u>  Nonetheless, they served as a useful point from which to gauge the evidence of Plaintiff's post-surgery improvement.  And the record reflects that Plaintiff's condition only improved after his knee replacement.  For example, Dr. Donald Nenno, Plaintiff's treating physician, noted approximately two months after the replacement that Plaintiff's knee was stable, he was walking without a cane, and he was doing fairly well and would continue to improve.  (R. at 331.)  Subsequent records indicated continued knee stability, continued ability to walk, and a discontinuation of physical therapy, all of which the ALJ noted.  (R. at 19-20, 356-57, 517.)  Consequently, this Court finds Plaintiff's staleness arguments unpersuasive.

19.     Finally, Plaintiff argues that the ALJ's RFC is impermissibly based only on his lay interpretation of the medical evidence.  RFC is "what an individual can still do despite his or her limitations."  <u>Melville v. Apfel</u>, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2).  To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record.  <u>See</u> 20 C.F.R. § 404.1545 (a)(1).  Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations.  20 C.F.R. § 404.1513 (a)(1)-(5); <u>see also</u> <u>Josua S.</u>, 2021 WL 105769, at *4 ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases).  All of this evidence must be considered in determining RFC, "not just . . . the medical opinions alone."  <u>Richard B. v.</u> <u>Comm'r of Soc. Sec.</u>, 1:19-CV-579 (WBC), 2021 WL 22504, at *5 (W.D.N.Y. Jan. 4, 2021)

(citing Trepanier v. Comm'r of Soc. Sec. Admin., 752 F. App'x 75, 79 (2d Cir. 2018)).  It is thus not error, *per se*, for an ALJ to formulate an RFC in the absence of medical opinion evidence.  See, e.g., Monroe v. Comm'r of Soc. Sec., 676 F. App'x 5, 8-9 (2d Cir. Jan. 18, 2017) (stating that where "the record contains sufficient evidence from which an ALJ can assess the claimant's [RFC], a medical source statement or formal medical opinion is not necessarily required") (quotation marks and citations omitted).

20.     While the ALJ is precluded from substituting his or her own opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole. See Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016).  And, as noted, the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion.  Id.  Finally, "[a]lthough the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on the Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity."  Richard B., 2021 WL 22504 at *4.

21.     Here, the ALJ determined that Plaintiff could perform light work with specified limitations.  (R. at 16-20.)  To be considered capable of performing a full range of light work, an individual must generally have the substantial ability to lift 20 pounds or less at a time, frequently lift or carry objects weighing up to 10 pounds, walk or stand a good deal, and push and pull arm or leg controls while seated.  See 20 C.F.R. § 404.1567 (b).  To account for Plaintiff's specific functional limitations, the ALJ restricted Plaintiff's RFC to only occasional use of ramps, ladders, stairs, scaffolds, or ropes; and only occasional balancing, stooping, kneeling, crouching, or crawling.  (R. at 16.)

22.     The ALJ reached this determination after reviewing and evaluating the record evidence.    He found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence.   (R. at 17.)   He further found that although the opinion evidence suggested mild to moderate limitations in the ability to walk, Plaintiff realized significant improvement after his right knee replacement surgery, such that he was not prevented from performing light work as limited.  (R. at 16-20.)  The record evidence demonstrates an improving, not deteriorating, knee condition, and Plaintiff cites no contrary or other evidence of a disabling condition.   Consequently, Plaintiff's argument that the ALJ relied only on his own lay interpretation of medical evidence fails.

23.     Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.   It is therefore affirmed.   See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 5) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:         May 21, 2020
               Buffalo, New York

                                                s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                             United States District Judge